Thomas J. Karem
**Karem Law Firm, P.C.**
1902 W. Dickerson St., Ste. 103
P.O. Box 682
Bozeman, MT 59771-0682
thomas@karemlaw.com
(406) 586-1986
Fax (406) 624-6891

Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT,
### FOR THE DISTRICT OF MONTANA
### \_\_\_\_BILLINGS\_\_\_\_ DIVISION

| | |
|---|---|
| HOANG VINH PHAM, | ) Cause No. CV-25-20-BLG-TJC |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) |
| vs. | ) |
| | ) |
| RICHARD SMITH, individually and as agent or employee of Montana Department of Justice, Department of Criminal Investigations, BRANDON KELM and BARRY KILPELA, individually and as employees of of Montana Highway Patrol, and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

COMES NOW, Hoang Vinh Pham (Plaintiff), by and through counsel, and files this Complaint against Richard Smith, Brandon Kelm, and Barry Kilpela, in

their individual capacities and as agents or employees of the Montana Department of Criminal Investigations and/or Montana Highway Patrol (Defendants), and in support thereof would show unto the Court the following matters and facts:

## JURISDICTION

1. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983.

2. The Court has original jurisdiction pursuant to 28 U.S.C.A. § 1331 because Plaintiff's claims arise under the Constitution, laws, or treaties of the United States.

3. The Court has original jurisdiction of this cause under 28 U.S.C.A. § 1343.

4. The Court has original jurisdiction pursuant to 28 U.S.C.A. § 1332 because Plaintiff's damages exceed $75,000, exclusive of interest, costs and attorney fees, and the parties are citizens of different States.

5. If applicable, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.A. § 1367 because the claims are related to claims in this action within such original jurisdiction that the claims form part of the same case or controversy.

## VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the acts, events or omissions giving rise to Plaintiff's claims occurred in the jurisdiction of the Federal District Court, District of Montana, in particular, Miles City, Custer County, Montana.

## PARTIES

7. Plaintiff is a citizen of the United States of America and a resident of Seattle, King County, Washington.  He was born in Vietnam and English is his second language.

8. On information and belief, defendant Richard Smith (Agent Smith) is, at all relevant times, a resident of the State of Montana, and an agent or employee of Montana Department of Justice, Department of Criminal Investigations (MDCI).

9. On information and belief, defendant Brandon Kelm (Trooper Kelm) is, at all relevant times, a resident of the State of Montana, and an employee of Montana Highway Patrol (MHP).

10. On information and belief, defendant Barry Kilpela (Trooper Kilpela) is, at all relevant times, a resident of the State of Montana, and an employee of Montana Highway Patrol (MHP).

11. On information and belief, JOHN DOES 1-10, are, at all relevant times, residents of the State of Montana.

12. Each of the acts or omissions of Defendants alleged in this Complaint were done by Defendants under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Montana, and under the authority of their offices as an agent and/or employees while acting within the course and scope of that relationship with said state agencies.

## FACTS COMMON TO ALL CLAIMS

13. On or about On August 31, 2017, Plaintiff was traveling by vehicle from Butte, Montana, to Brooklyn Park, Minnesota. Plaintiff stopped at the Conoco station at 1308 South Haynes Avenue, Miles City, Montana, for fuel and food.

14. Following his arrival at the station, MDCI Agent Smith, and MHP Trooper Kelm and Trooper Kilpela arrived shortly thereafter with Agent Smith operating an unmarked MCDI truck and the troopers in a marked MHP panel van. The agent and troopers were jointly transferring approximately 960 pounds of marijuana evidence from Miles City to Billings, Montana, seized in an unrelated investigation. The marijuana was in plain view through the van's windows.

15. Agent Smith was dressed in plain clothes wearing a sidearm and MCDI badge, and the troopers were in MHP uniforms and armed.

16. The agent, troopers, and vehicles were allegedly not equipped with audio/video recording capabilities.

17. Plaintiff was in the Conoco station heating a container of noodles using the store's microwave. Agent Smith entered the station to use the restroom and purchase water. Agent Smith alleged that Plaintiff was staring at the MHP van through the store window.

18. Plaintiff returned to his vehicle to pump fuel. Agent Smith alleged he thought Plaintiff was lost or needed help, approached him, and began questioning him. Plaintiff provided his State of Washington drivers' license as requested by Agent Smith.

19. Agent Smith confirmed that Plaintiff was not lost and did not need assistance. Nonetheless, the agent continued questioning him, asked where he was traveling to and from, to which he stated that he had traveled to Butte, Montana, to inspect a vehicle he wrecked while in Butte in the past, and that the vehicle was being stored at an autobody repair shop in Butte. Finding that the cost of repair was more than the vehicle was worth, he released it to the shop in exchange for storage fees. Finally, he informed Agent Smith he was

returning to Minnesota.

20. Agent Smith next searched Plaintiff's vehicle without a warrant.

21. Agent Smith alleged that Plaintiff consented to the search.

22. Plaintiff testified Agent Smith did not ask for consent to search Plaintiff's vehicle.

23. Plaintiff did not give consent but Agent Smith proceeded to search his vehicle anyway while the troopers detained Plaintiff away from his car.

24. Agent Smith did not inform Plaintiff that he had the right to deny consent to search of his vehicle.

25. Agent Smith did not procure written consent to search Plaintiff's vehicle.

26. Agent Smith did not inform Plaintiff that a warrant could be issued to search his vehicle.

27. On October 18, 2018, Agent Smith testified, "I didn't know what the offense that I am looking at was" when he searched Plaintiff's vehicle.

28. Agent Smith and the troopers did not inform Plaintiff he was free to leave.

29. Plaintiff did not think or feel he was at liberty to leave because he did not want to go against Defendants' authority.

30. Agent Smith did not ask Plaintiff for consent to search. The troopers restrained him while Agent Smith searched the interior and trunk of Plaintiff's

vehicle.

31. Agent Smith arrested Plaintiff for possession of marijuana found in his vehicle's trunk.

32. On November 15, 2017, Plaintiff was charged by information with a felony, in the Montana Sixteenth Judicial District Court, Custer County, Cause No. DC-17-109, based on Defendants' unconstitutional seizure and search of Plaintiff's vehicle.

33. On August 6, 2018, Plaintiff filed a motion to suppress the evidence seized in Defendants' unconstitutional search and seizure under the Fourth Amendment, U.S. Const., and Art. II, Sec. 11, Const. Mont.

34. On October 23, 2018, the district court denied Plaintiff's motion to suppress.

35. On May 30, 2019, the district court sentenced Plaintiff, in part, to the Montana State Prison for a term of fifteen years.

36. On July 22, 2019, Plaintiff appealed the district court's denial of his motion to suppress.

37. On October 19, 2021, the Montana Supreme Court, in an unanimous decision, concluded that "[n]o objective data support Agent's Smith's assessment that [Plaintiff] was suspicious, and his seizure of [Plaintiff] was accordingly unconstitutional." *State v. Pham*, 2021 MT 270, ¶ 22, 406 Mont.

109, 497 P.3d 217.  It held that the "District Court clearly erred when it concluded [Plaintiff] was not seized." *Id*., ¶ 23.  Plaintiff's conviction was reversed.  *Id*.  Plaintiff was released from prison.

38. On October 10, 2024, Plaintiff tendered his claims and demand to the Montana Department of Administration, Risk Management and Tort Defense, pursuant to § 2-9-301, M.C.A.  The department received Plaintiff's claim and demand on October 15, 2024.

39. On February 12, 2025, the Montana Department of Administration rejected Plaintiff's claims and demand by operation of law.

## COUNT I

### Unlawful Seizure

40. Plaintiff realleges the foregoing averments verbatim under this count.

41. Under the Fourth Amendment, U.S. Const., Plaintiff has the right to be free from an unreasonable seizure of his person.

42. Defendants seized Plaintiff's person without reasonable suspicion or probable cause.

43. Defendants acted intentionally by seizing Plaintiff's person.

44. Defendants' seizure of Plaintiff was unreasonable.

45. Defendants restrained Plaintiff's liberty through coercion, physical force, or a show of authority.

46. Plaintiff did not feel free to leave under the circumstances of the seizure.

47. Defendants deprived Plaintiff of his rights under the Fourth Amendment to the Constitution when they seized his person without reasonable suspicion or probable cause.

48. Defendants' unconstitutional conduct directly and proximately caused Plaintiff to suffer injury including, without limitation, loss of income, lost opportunity, loss of business, legal fees and costs, shock, extreme emotional distress, and humiliation in an amount to be determined at trial.

### COUNT II

### Unlawful Search

49. Plaintiff realleges the foregoing averments verbatim under this count.

50. Under the Fourth Amendment, Plaintiff has the right to be free from an unreasonable search of his vehicle.

51. Defendants searched Plaintiff's vehicle absent reasonable suspicion or probable cause and without a warrant.

52. Defendants acted intentionally by searching Plaintiff's vehicle.

53. Defendants' search of Plaintiff's vehicle was unreasonable.

54. Defendants deprived Plaintiff of rights under the Fourth Amendment to the Constitution when Defendants searched Plaintiff's vehicle.

55. Defendants' unconstitutional conduct directly and proximately caused Plaintiff to suffer injury including, without limitation, loss of income, lost opportunity, loss of business, legal fees and costs, shock, extreme emotional distress, and humiliation in an amount to be determined at trial.

### COUNT III

### Exemplary Damages

56. Plaintiff realleges the foregoing averments verbatim under this count.

57. Defendants' deprivation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States was malicious, oppressive or in reckless disregard of Plaintiff's rights.

58. Defendants' conduct was accompanied by ill will, or spite, or for the purpose of injuring Plaintiff.

59. Defendants' conduct was reckless disregard of Plaintiff's Fourth Amendment rights because it reflects complete indifference to Plaintiff's constitutional rights, or Defendants' acted knowing that their actions would violate Plaintiff's rights under federal law.

60. Defendants' acts or omissions were oppressive because Defendants violated Plaintiff's constitutional rights with unnecessary harshness or severity.

61. Plaintiff is entitled to punitive damages for Defendants' malicious, oppressive, and reckless conduct in an amount sufficient to compensate Plaintiff and to deter Defendants from posing a substantial risk of harm to other citizens of the State of Montana in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment for general, special, and punitive damages, in a sum that the Court may deem just and reasonable in the premises, for costs of suit and attorney's fees, punitive damages, and for such additional relief as the Court may deem just and equitable.

DATED this 12th day of February, 2025.

<u>/s/ Thomas Karem</u>
Attorney for Plaintiff